IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELVIN McCASKILL,                :

   Plaintiff,                   :

vs.                              :      CA 05-0621-BH-C

JO ANNE B. BARNHART,             :
Commissioner of Social Security,
                                 :
   Defendant.

**ORDER**

This action is before the Court on plaintiff's complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). The motion to proceed *in forma pauperis* has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.2(c)(1).

Authority for granting plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir.

2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Atwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997), citing *Coppedge v. United States*, 369 U.S. 438, 446, 82 S.Ct. 917, 921-922, 8 L.Ed.2d 21 (1962). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978, 119 S.Ct. 27, 147 L.Ed.2d 787 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983), citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975).

"In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F.Supp. 1071, 1072 (E.D. Wis. 1997), citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i). "While one need not be absolutely

destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F.Supp.2d 642, 648 (E.D. Tex. 1998) (citations omitted). "The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F.Supp. 205, 209 (D.Md. 1978); *see Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application.").

A review of the complaint and motion reveals that while plaintiff is a divorced father of three who is unemployed and has no cash savings, he does own a 1985 Olds 98 (worth $600), receives food stamps in the monthly amount

of $125.00[1] and lives with his mother who pays the utilities and also, apparently, the rental or mortgage payments. The motion also reveals no financial debts or obligations owed by plaintiff. This information suggests that plaintiff can obtain the necessary funds to pay the filing fee from his mother[2] and still be provided with the necessities of life.

Without additional pertinent information,[3] the undersigned is unable to find that plaintiff has established the statutory requirements for being allowed to proceed without the prepayment of the filing fee. Accordingly, plaintiff is **ORDERED** to amend his motion, on or before November 28, 2005, with evidence which establishes his entitlement to proceed without the prepayment

---

[1] The undersigned is somewhat confused about whether McCaskill himself is the recipient of the $125.00 in food stamps or whether his mother is the recipient of same.

[2] Relevant to the this Court's IFP inquiry is the financial status of McCaskill's mother. To the extent Mrs. McCaskill has significant monthly debt that she is unable to pay, such evidence would tend to show that plaintiff cannot obtain the funds necessary to pay the filing fee from his mother and still be provided with the necessities of life.

[3] For instance, other pertinent information would include evidence relating to whether plaintiff has been ordered to make child support payments and is unable to make those monthly obligations. In addition, any credit card or hospital debt owed by plaintiff would be relevant to the IFP inquiry.

of the filing fee.

**DONE** and **ORDERED** this the 28th day of October, 2005.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**