## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MELVIN McCASKILL, :

    Plaintiff, :

vs.                                            CA 05-0621-BH-C

                                 :

JO ANNE B. BARNHART,
Commissioner of Social Security, :

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits. This action has been referred to the Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the May 31, 2006 hearing before the Magistrate Judge, it is determined that the decision to deny benefits should be reversed and this cause remanded to the Commissioner of Social Security for further proceedings not inconsistent with this decision.

Plaintiff alleges disability due to lumbar spondylosis, back pain, and a mood disorder. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3. The claimant's residuals from lower back injury with extruded disc fragment in the lumbar spine post laminectomy and discectomy is a severe impairment, based upon the requirements in the Regulations (20 CFR § 404.1521).
>
> 4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairment (20 CFR § 404.1527).
>
> 7. The claimant has the following residual functional capacity: lift or carry no more than 20 pounds occasionally or 10 pounds frequently. The claimant can only perform work that does not require the climbing of ladders, ropes or scaffolds (Exhibit 14F).
>
> 8. The claimant's past relevant work as Security Guard/Security Supervisor did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 404.1565).
>
> 9. The claimant's medically determinable residuals from lower back injury with extruded disc fragment in the lumbar spine post laminectomy and discectomy does not prevent the claimant from performing his past relevant work.

>10.    The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(e)).

(Tr. 20-21) The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform his past relevant work as a security guard/security supervisor, is supported by

substantial evidence.  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).  "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[1]

Although the claimant bears the burden of demonstrating the inability to return to his past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record.  *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). Social Security Ruling 82-61 recognizes three possible tests for determining whether or not a claimant retains the capacity to perform his past relevant work.  They are as follows:

> 1.      Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.[2]

---

[1]     This Court's review of the Commissioner's application of legal principles, however, is plenary.  *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

[2]     As recognized in the ruling, use of this test is likely to be "fallacious and insupportable" because "[w]hile 'delivery jobs,' 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge."

> 2. Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
> 3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy.[3]

Under § 404.1520(e) of the Commissioner's regulations, a claimant will be found to be "not disabled" when it is determined that he retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-61.

In this case, the ALJ has relied upon test three above to determine that the claimant can perform his past relevant work as a security guard/security supervisor. (Tr. 20 ("The evidence in this case establishes that the claimant has past relevant work as a Security Guard/Security Supervisor. Although the claimant did not list this job on his Disability Report (Exhibit 1E), he testified at the hearing that he conducted the job during the period from 1986-1989.

---

[3] The Dictionary of Occupational Titles' descriptions can be relied upon to define the job as it is usually performed in the national economy.

This is also indicated in a Report of Contact dated November 20, 2002 (Exhibit 10E). The Vocational Expert testified that this job was performed in the [n]ational economy at the light exertional level. Because the claimant retains the residual functional capacity to perform a full range of light work, he is capable of returning [to] this past relevant work."))

Section 404.1520(e) of the Commissioner's regulations requires a review and consideration of a plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform his past relevant work.  Social Security Ruling 82-62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of his . . .  PRW to determine whether the individual can still do that work."  *See also Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (to support a conclusion that a claimant "is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments").

> The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient

>basis for a finding of "not disabled."
>
>. . .
>
>The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
>
>Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work). Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

SSR 82-62. In finding that a claimant has the capacity to perform a past relevant job, the decision of the Commissioner must contain among the findings, a finding of fact as to the claimant's residual functional capacity, a finding of fact as to the physical and mental demands of the past

job/occupation, and a finding of fact that the claimant's residual functional capacity would permit a return to the past job or occupation. *Id.*

Plaintiff contends that the ALJ made the following errors: (1) he failed to perform a function-by-function analysis as required by SSR 96-8p and, therefore, erred in finding that claimant can perform a full range of light work; (2) he erred in failing to give controlling weight to the opinions of the consulting neurologist, Dr. Walid Freij; (3) he erred in finding that the claimant does not suffer from a severe mental impairment and in failing to give controlling weight to the consulting psychologist, Dr. Nina Tocci; (4) he posed an improper hypothetical to the vocational expert ("VE"); and (5) he improperly determined that claimant can return to his past relevant work as a security guard/security supervisor. Because the undersigned agrees with the plaintiff that the ALJ erred in finding that he retains the residual functional capacity to perform the full range of light work, the ALJ's determination that plaintiff retains the residual functional capacity to return to his past relevant work as a security guard/security supervisor is not supported by substantial evidence.[4]

---

[4] Because the ALJ's error in this regard provides a sufficient basis to reverse the ALJ's decision, this Court will not directly address plaintiff's other assignments of error, *see Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims."), save for

the argument that the ALJ erred in determining that plaintiff does not have a severe mental impairment.

The Commissioner's severity regulation requires the claimant to make a threshold showing that he has an impairment which significantly limits his physical or mental ability to perform basic work activities. 20 C.F.R. §§ 416.920(c), 416.921(a) (1998); *Bowen v. Yuckert,* 482 U.S. 137, 147 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). Basic work activities include functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). An impairment can be considered not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984); *see Yuckert, supra*, 482 U.S. at 153, 107 S.Ct. at 2297 ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education and experience were taken into account").

> Inherent in a finding of a medically not severe impairment or combination of impairments is the conclusion that the individual's ability to engage in SGA [substantial gainful activity] is not seriously affected. Before this conclusion can be reached, however, an evaluation of the effects of the impairment(s) on the person's ability to do basic work activities must be made. A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and the informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of the function is inherent in the medical process itself.

SSR 85-28. The claimant's burden at step two of the sequential evaluation process is mild. *McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected.").

In this case, the claimant was examined by Dr. Nina Tocci, a psychologist, and diagnosed with a mood disorder and assessed a GAF score of 55 (Tr. 218-220), findings which the ALJ implicitly indicates would support a conclusion that plaintiff has a severe mental impairment (Tr. 18). Dr. Tocci's diagnosis and GAF score are supported by the records from Southwest Alabama Mental Health. (Tr. 207-214) The ALJ, however, rejected both Dr. Tocci's assessment and the records from Southwest Alabama Mental Health (Tr. 18 & 19) in favor of the finding of no

9

Light work is defined in the Commissioner's regulations as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b) (2004).

> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on

---

severe mental impairment contained on the psychiatric review technique form ("PRTF") completed by non-examining, reviewing physician, Dr. Ellen Eno (*compare* Tr. 19 ("[T]he undersigned must concur with the State agency reviewing Psychologist Dr. Ellen Eno, that the claimant has no 'severe' mental impairment[.]") *with* Tr. 221-234 (PRTF completed by Eno)). This analysis of the issue of whether plaintiff has a severe mental impairment cannot withstand scrutiny in light of clear Eleventh Circuit precedent that "'[t]he opinions of nonexamining, reviewing physicians, . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence.'" *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Dr. Eno's finding of no severe mental impairment stands alone and is contrary to the assessment of examining psychologist Dr. Tocci and the treatment notes from Southwest Alabama Mental Health; therefore, it does not constitute substantial evidence to support the ALJ's determination that plaintiff has no severe mental impairment. Accordingly, on remand the ALJ is to revisit the issue of whether plaintiff has a severe mental impairment; any post-remand finding of a non-severe mental impairment must be supported by the evaluation of an examining psychologist or psychiatrist.

> one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirements for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

SSR 83-10.

In this case, the ALJ determined that plaintiff retains the residual functional capacity for the full range of light work and that because his past work as a security guard/security supervisor, as normally performed in the national economy, does not require the performance of activities beyond the requirements for light work, he retains the capacity to perform that past relevant work. However, because the ALJ's finding that plaintiff retains the residual functional capacity to perform the full range of light work activity is not supported by substantial evidence, this case must necessarily be returned to the Commissioner of Social Security for further development of the record.

In finding that plaintiff retains the residual functional capacity to perform the full range of light work, the ALJ specifically concurred "with the State agency disability examiner on the Physical Residual Functional Capacity

Assessment[.]" (Tr. 18) However, the ALJ, in his decision, specifically just cited to the findings made by the examiner which are consistent with the full range of light work (*id.* ("Accordingly, the undersigned finds the claimant retains the following residual functional capacity: lift or carry no more than 20 pounds occasionally or 10 pounds frequently. Furthermore, the claimant can only perform work that does not require the climbing of ladders, ropes or scaffolds[.]")), to the exclusion of the findings made by the examiner which are inconsistent with the full range of light work (*compare id. with* Tr. 236 (claimant can stand and/or walk for 2 to 4 hours in an 8-hour workday)). The ALJ's selective citation to RFC evidence points glaringly to his failure to perform the function-by-function analysis required by SSR 96-8p.[5]

> **The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b)**, (c), and (d) of 20 CFR 404.1545[6] and 416.945. Only after that may RFC be

---

[5] Interestingly, the ALJ cites to SSR 96-8p (Tr. 18 ("The term 'residual functional capacity' is defined in the Regulations as the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks (20 CFR § 404.1545 and Social Security Ruling 96-8p).")), but does not then perform the analysis required by the ruling.

[6] "When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or

> expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.
>
> . . .
>
> In disability determinations and decisions made at steps 4 and 5 of the sequential evaluation process in 20 CFR 404.1520 and 416.920, in which the individual's ability to do past relevant work and other work must be considered, the adjudicator must assess RFC.
>
> . . .
>
> The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities. At step 4 of the sequential evaluation process, the RFC must not be expressed initially in terms of the exertional categories of "sedentary," "light," "medium," "heavy," and "very heavy" work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it.
>
> RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy. However, without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work as it is generally performed in the national economy because particular occupations may not require all of the exertional and nonexertional demands necessary to do the full range of work at a given exertional level.
>
> . . .

---

crouching), may reduce your ability to do past work and other work." 20 C.F.R. § 404.1545(b) (2005).

13

> The RFC assessment must address both the remaining exertional and non-exertional capacities of the individual. . . . Exertional capacity addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling. **Each function must be considered separately (e.g., "the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours"), even if the final RFC assessment will combine activities (e.g., "walk/stand, lift/carry, push/pull")**. Although the regulations describing the exertional levels of work and the Dictionary of Occupational Titles and its related volumes pair some functions, it is not invariably the case that treating the activities together will result in the same decisional outcome as treating them separately.
>
> **It is especially important that adjudicators consider the capacities separately when deciding whether an individual can do past relevant work.**
>
> .   .   .
>
> In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), **and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.**

SSR 96-8p (emphasis supplied; footnote added; footnote omitted) More specifically, the ALJ wholly failed to make specific findings regarding the claimant's ability to stand and walk, findings which are necessary to a proper disposition of this case given the definition of the full range of light work and

14

the ALJ's rejection of the report of the consultative neurologist, Dr. Walid Freij (Tr. 19), which contained findings that plaintiff cannot perform "work related activities that require him to stand or walk for basically any period of time." (Tr. 217)[7] Because the full range of light work contemplates an individual's ability to engage in prolonged standing, *see* SSR 83-10, the Court determines that the ALJ improperly determined that plaintiff retains the residual functional capacity to perform the full range of light work. Moreover, inasmuch as the ALJ's determination that plaintiff can perform his past relevant work as a security guard/security supervisor is inextricably tied to his unsupported finding that plaintiff retains the residual functional capacity to perform the full range of light work, this cause must be remanded to the Commissioner of Social Security for further proceedings not inconsistent with this decision.[8]

---

[7] The only evidence which specifically addresses the claimant's ability to stand and walk comes from Dr. Freij (Tr. 217), the disability examiner (Tr. 236), and plaintiff himself (Tr. 294 (plaintiff's testimony that he can walk, with the assistance of a cane, for about 12 to 13 yards, but that when he does so he is in severe pain). In this regard, plaintiff's treating physician, Dr. Todd Volkman, directs no specific comments towards plaintiff's walking and standing capabilities.

[8] Defendant argues that this Court should find that the ALJ correctly determined plaintiff can perform his past relevant work as a security guard/security supervisor based upon the fact that the hypothetical question posed to the VE included a sit/stand option. However, defendant's argument cannot be sustained in this regard because in looking at the hypothetical question it is clear that the ALJ delineated only the amount of time plaintiff can sit at one time before he has to get up and move around and makes no mention of plaintiff's limited abilities to

## **CONCLUSION**

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

---

stand and walk. Accordingly, this Court simply cannot make a determination that the VE's testimony would have been the same had the ALJ specifically denoted the limitations on plaintiff's ability to walk and stand.

The undersigned is at a loss about the true nature of plaintiff's walk/stand limitations and any citation to the disability examiner's stand/walk limitations cannot be taken as this Court's acceptance of same. In fact, plaintiff's stand/walk limitations might be closer to the limitations indicated by Dr. Freij. On remand, it would certainly be more than appropriate for the ALJ to request a current evaluation of the claimant by Dr. Volkman and, attendant thereto, Dr. Volkman's completion of a RFC assessment.

**DONE** this the 5th day of June, 2006.

     s/WILLIAM E. CASSADY
     **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    s/WILLIAM E. CASSADY
                                    **UNITED STATES MAGISTRATE JUDGE**